BOLIN, Judge.
Plaintiff brought this suit for damages alleging he was injured when a one-ton truck he was driving was struck from the rear by a large truck-trailer unit loaded with gasoline, being driven by Isaac Bras-seal. Made defendants were Brasseal, his employer and the latter’s insurer, who denied Brasseal was negligent and, in the alternative, alleged plaintiff was contributo-rily negligent. For reasons set forth in a lengthy written opinion, the trial judge found the accident was caused solely by the negligence of plaintiff and, from a judgment signed in conformity therewith, plaintiff appeals. We agree plaintiff was negligent and, pursuant to defendants’ special plea of contributory negligence, the judgment is affirmed.
The collision occurred on November 18, 1971, about 3:30 p. m., on U.S. Highway 165 in Caldwell Parish. It was raining and the surface of the highway was slick. Plaintiff had passed Brasseal at a traffic light in Monroe and both vehicles proceeded south on Highway 165, with Eubanks driving the lead vehicle. Eubanks testified he did not remember seeing the Brasseal truck in his rear view mirror but that the latter must have been following closely behind since they both were traveling 50 to 55 miles per hour.
Brasseal said he had plaintiff’s vehicle in view to his front at all times until they reached the Riverton overpass immediately preceding the collision. The two vehicles proceeded south in this position for approximately seven miles until they reached the overpass crossing a railroad track. The terrain in the vicinity of the overpass was flat and the overpass was constructed of large mounds of dirt on each side of the railroad track with the bridge being built to connect the space between the mounds of dirt.
Eubanks approached the north side of the overpass driving his truck between 50 and 55 miles per hour. He proceeded up the incline and as he reached the apex which was approximately in the middle of the bridge he noticed a vehicle approaching him from the opposite direction with a blue blinker light on the top. When he first noticed this approaching vehicle it was near the bottom of the overpass on the south side. He testified he did not know at first what the flashing signal indicated, but slowed his truck anticipating that it was an emergency vehicle in a stationary *502 position and working a wreck. Eubanks continued southward and as he reached the vehicle with the blinker light he learned it was a sheriff’s department car leading a funeral procession. Eubanks testified he was driving about IS miles per hour and that he continued traveling at this same rate of speed. He gave as a reason for continuing his slow speed that steel guard rails were on each side of the highway and that he did not deem it wise to drive any faster while meeting and passing a funeral procession.
Brasseal testified he was driving his gasoline truck approximately 50 to 55 miles per hour and that he first noticed the sheriff’s department car when he was about halfway up the incline on the north side of the overpass. Upon noticing the blue blinker light on the approaching car, Bras-seal said he let up on his accelerator, causing his truck to slow down to some extent. As soon as Brasseal had passed the emergency vehicle he realized the oncoming traffic was a funeral procession. When he had reached a point where he could see down the road to the south he observed Eubanks’ truck in the right lane of travel, the line of vehicles in the funeral procession to his left, and the steel guard rails on both sides of the road. In this condition the highway was effectively blocked for Brasseal. Thinking Eubanks’ truck was stopped, Brasseal touched his air brakes lightly and his trailer began to jack-knife, so he released the brakes and straightened the truck in the road. He tapped the brakes lightly two other times and on each occasion the trailer would begin to jackknife. However, he regained control of his vehicle and he estimated he had slowed his forward speed to approximately 15 miles per hour when he struck the rear of the Eubanks truck.
The funeral procession continued and Brasseal and Eubanks drove a short distance in order to pull off the highway. They observed very little damage to either vehicle and decided to proceed to Columbia, where they stopped at a service station. Plaintiff complained of a headache and both drivers decided to notify the Caldwell Parish Sheriff’s Department. The same deputy sheriff who had been driving the lead vehicle in the funeral procession investigated the accident. He testified there was little damage done to either vehicle, indicating to him that both vehicles were traveling about the same rate of speed at the time of the collision. There were no skid marks left at the scene of the accident.
Plaintiff contends the accident was caused solely by the negligence of defendant driver, under the statutory and jurisprudential law that a following motorist is presumed to be at fault when his vehicle strikes the rear of a lead automobile, citing as authority therefor Louisiana Revised Statutes 32:81 and a number of cases interpreting the statute.
We find plaintiff driver was negligent and that such negligence contributed to the accident. For this reason we shall make no finding as to whether or not Brasseal was negligent.
Eubanks’ negligence consisted primarily in the violation of Louisiana Revised Statutes 32:64:
“A. No person shall drive a vehicle on the highway within this state at a speed greater than is reasonable and prudent under the conditions and potential hazards then existing, having due regard for the traffic on, and the surface and width of, the highway, and the condition of the weather, and in no event at a speed in excess of the maximum speeds established by this Chapter or regulation of the department made pursuant thereto.
“B. Except when a special hazard exists that requires lower speed for compliance with paragraph A of this section, no person shall operate or drive a motor vehicle upon the highways of this state at such a slow speed as to impede the normal and reasonable movement of traffic.”
*503 In Fairbanks v. Travelers Insurance Co., 232 So.2d 323 (La.App. 2d Cir. 1970), this court decided the violation of the “slow speed” portion of the statute is equivalent under some circumstances to obstruction of a highway. In the instant case, when Eu-banks first noticed the emergency vehicle he was justified in slowing his own truck until such time as he could ascertain whether or not an emergency existed to his front. However, upon learning that the police car was only escorting a funeral procession, he had no justification for continuing such a slow movement'of his truck. We know of no law or jurisprudence that authorizes a motorist to unreasonably slow his vehicle or stop it in order to allow the passage of a funeral procession. As related to the facts of this case the actions of Eubanks created a virtual trap for the large gasoline truck following to his rear. This is particularly so when we consider the fact that Eubanks knew or should have known that the defendant truck was following him. Also pertinent is the testimony of plaintiff that he was familiar with this highway and had traversed this overpass at least 20 times prior to this accident.
For the reasons assigned the judgment is affirmed at plaintiff’s cost.